STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION

                                          }
In re Nancy Lewis Revocable Trust Variance    }      Docket No. 110-6-08 Vtec
    (Appeal of Pinan)                         }
                                          }

### Decision and Order on Motion to Reinstate Appeal

Appellants Paul Pinan and Helen Pinan originally appealed from a May 14, 2008 decision of the Development Review Board (DRB) of the Town of Colchester, granting a variance "for encroachment in the front yard and Shoreland District setback for the construction of a single-family home with an attached garage" to  Appellee-Applicant Nancy Lewis for the Nancy Lewis Revocable Trust. Since July 31, 2008, Appellants have been represented by Matthew T. Daly, Esq.  Appellee-Applicants Nancy Lewis, David Lewis, and the Nancy Lewis Revocable Trust (Applicants) are represented by Edward D. Fitzpatrick, Esq.   The Town of Colchester is represented by Thomas G. Walsh, Esq.

 At a pretrial conference held by telephone on August 4, 2008, Attorneys Daly and Fitzpatrick participated.  Based on the representations of counsel at that conference, the case was placed on inactive status while Applicants applied to the Town for their septic system (wastewater disposal) approval.  A scheduling order issued on August 8, 2008, required Applicant's attorney to file brief monthly status reports with the Court regarding the status of the septic system application, and also when a decision on the application would be made.

Until July 1, 2007, municipalities had authority to regulate on-site septic systems through municipal sewage ordinances under 24 V.S.A. ch. 102. Since 2002, 10 V.S.A. ch. 64, regulating potable water and wastewater system permits, has given the Vermont Agency of Natural Resources (ANR) jurisdiction over certain on-site wastewater disposal systems.   Under 10 V.S.A. § 1976, the ANR has authority to delegate to

1

qualifying municipalities the authority to implement and administer the provisions of 10 V.S.A. ch. 64 and the rules adopted under it, as well as the enforcement provisions of 10 V.S.A. ch. 201. Since December 13, 2005, the Town of Colchester has been a delegated municipality, authorized to issue all permits required under the state statute and rules.

As of July 1, 2007, under 10 V.S.A. § 1976(b), provisions of municipal ordinances that regulate potable water supplies and wastewater systems were superseded by the state statute and regulations governing wastewater disposal systems, except that municipalities that had received delegation were also allowed to continue to regulate systems exempt from state regulation under their municipal ordinances, and to establish their own procedural requirements consistent with the state statute and rules. That is, although many existing municipal on-site permits were grandfathered, after July 1, 2007, only the state ANR, or a delegated municipality, had authority to issue on-site septic permits.

Attorney Fitzpatrick filed a report in September 2008 stating that Applicants' consultant was working with the Town "on various testing procedures in connection with an application for a septic permit" and that the Court would be notified when "a decision has been made as to the suitability of the property for an approved septic location." Mr. Fitzpatrick also filed reports in October and November stating that there was no change in the status of the application, as the consultant's investigation had not then been completed.

At a telephone conference held on December 22, 2008, at which the Town's attorney participated as well as Appellants' and Applicants' attorneys, the Court discussed with the parties the timing of necessary testing before Applicants could determine whether the septic system application would be filed or abandoned, and various options regarding dismissing the appeal or leaving it pending in an inactive status. At the conference, the parties agreed in principle to circulate a stipulation to

2

close the appeal with leave to reopen it within 45 days of either the decision on the septic system application or if Applicants decided to abandon the septic system application, whichever would occur first.

On January 12, 2009, the parties filed the following stipulation, signed by all three attorneys; the Court entered it as a court order, "so ordered," on the same day. It provided in full that:

1. The Court may dismiss this matter without prejudice.

2. The Appellants may reinstitute this appeal any time within 45 days of the date of the issuance of a permit by the Town of Colchester approving a septic system which is the subject of this appeal.

Nothing in the language of the stipulation requires notice to Appellants of the anticipated permit issuance. Nothing in the language of the stipulation requires the permit to be a municipal permit; in fact, as of the date of the stipulation no such permits were authorized except for projects exempt from the state regulations.

Applicants' engineer proceeded to develop the plans for a wastewater disposal system; the last revision date on the plans was December 30, 2009, nearly a year after the stipulation had been filed. On January 22, 2010, the Town of Colchester, on behalf of the Wastewater Management Division of the ANR, issued a Wastewater System and Potable Water Supply Permit, WW-C-0173 (the Wastewater Permit), to Nancy Lewis for the project. Mr. Gerry Kittle, the Town of Colchester's On-Site Wastewater Official, signed the Permit. The Permit is replete with the phrase: "the Town of Colchester on behalf of the Wastewater Management Division."

No appeal was filed of the issuance of the Wastewater System Permit. The 45 days to reopen the original appeal, counted from January 22, 2010, expired on March 8, 2010; no request to reinstate the appeal was filed by that date. On April 8, 2010, Applicants' attorney sent a copy of the Wastewater Permit to Appellants' attorney, stating in an email that Applicants intended to proceed with their project, and inquiring

3

as to the position of Appellants.   Even if the 45 days were to be counted from the April 8, 2010 provision of a copy of the Wastewater Permit to Appellants' attorney, that period would have expired on May 24, 2010.

Applicants proceeded with the design of their project, and obtained the final Zoning Permit from the Zoning Administrator on January 5, 2011.  The only reference to the septic system in the one-page zoning permit application is the check mark indicating that the proposed sewer system is an on-site rather than a municipal system.

Appellants filed the present motion to reinstate the original variance appeal on February 18, 2011, nearly 13 months after the issuance of the Wastewater Permit, and more than 10 months after receiving a copy of that permit.  They ask that it be treated as timely filed from the issuance of the Zoning Permit, arguing that the Town of Colchester's issuance of the Wastewater Permit on behalf of the Wastewater Management Division of the ANR was a State of Vermont permit and not a Town of Colchester permit.

However, the terms of the stipulation did not require that the septic system permit be a Town of Colchester permit.  Indeed, since July of 2007, municipal authority to issue such municipal permits has been superseded.  Instead, municipalities with delegation under 10 V.S.A. § 1976 may issue permits under the state statute and regulations.  The terms of the stipulation required that the time for reopening the appeal be measured from "issuance of a permit by the Town of Colchester approving a septic system" for the project.  The permit approving the septic system was issued by the Town of Colchester, albeit on behalf of the state ANR, on January 22, 2010.  The Court declines to allow the appeal to be reopened based on a request filed more than a year later.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion to Reinstate the appeal is DENIED as untimely filed.

Done at Berlin, Vermont, this 29th day of April, 2011.

_____
Merideth Wright
Environmental Judge